UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HOLLY WINTERS,

                Plaintiff,

      - against -                         **REMAND ORDER**
                                        24-CV-353 (OEM) (CLP)

DR. BILL B. AKPINAR, DDS, and
CENTER FOR HEALING, LLC,

                Defendants.
-------------------------------------------------------------X
ORELIA E. MERCHANT, United States District Judge:

      Plaintiff Holly Winters ("Plaintiff") originally brought this medical malpractice action against defendants Dr. Bill B. Akpinar, DDS, and the Center for Healing LLC ("Defendants") in the Supreme Court of the State of New York, County of Queens, Index No. 700234/2024 (the "State Court Action"), on January 4, 2024. Notice of Removal, ECF 1, at 12-19. On February 6, 2024, pro se Defendant Akpinar removed this action from state court asserting jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446.[1] *See* Notice of Removal, ECF 1, at 1. Specifically, Defendant Akpinar alleges that the Court has jurisdiction based on diversity of citizenship as he is a "bona fide member of a First Nation Tribe in the Tribal Government position of the Chief Medicine Man." *Id.* at 1-2. For the reasons set forth below, this action is REMANDED to the Supreme Court of the State of New York, County of Queens.

---

[1] While Defendant Akpinar may represent himself in federal court, 28 U.S.C. § 1654, he cannot represent the Center for Healing LLC, unless he is a licensed attorney admitted to practice law. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-03 (1993) (collecting cases); *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007) (collecting cases).

**DISCUSSION**

"Federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Hum. Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A claim may only be removed to federal court if it could have been filed in federal court at the outset. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998). "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

Defendant Akpinar asserted diversity of citizenship as the basis for removal. 28 U.S.C. §§ 1332, 1441(b). For removal based on diversity jurisdiction, the civil action may not be removed if any of the properly joined and served defendants is a citizen of the State in which the action was filed, 28 U.S.C. §1 441(b)(2), and the party seeking removal must show that the plaintiff and defendants are of diverse citizenship and that the amount in controversy exceeds $75,000, the jurisdictional amount provided by 28 U.S.C. § 1332(a). *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-18 (2d Cir. 2014) (stating that Section 1332 "requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants" (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005))).

Defendant Akpinar fails to meet his burden to establish jurisdiction. His conclusory assertion of diversity jurisdiction based on his purported Tribal membership is unsupported by any facts and he has also failed to allege that the amount in controversy exceeds the jurisdictional amount. *Id.* § 1446(c)(2)(A).[2] In addition, there is no basis for removal based on federal question jurisdiction on the face of the complaint.

This Court may *sua sponte* remand the action within 30 days of the filing of the notice of removal for a procedural defect, or at any time, for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Accordingly, the Court concludes that removal is improper as set forth above and remands this action to the Supreme Court of the State of New York, County of Queens.

The Clerk of Court is respectfully directed to send a certified copy of this Order to the Clerk of Court for the Supreme Court of the State of New York, County of Queens, to send a copy of the Order to the parties, and to close this case in this Court. 28 U.S.C. § 1447(c).

Although Defendant Akpinar paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/  
ORELIA E. MERCHANT  
United States District Judge

Dated: October 13, 2024  
       Brooklyn, New York

---

[2] There is no indication of the citizenship of defendant Center for Healing, LLC. For purposes of assessing diversity, a limited liability company is a citizen of each state of which its members or limited or general partners are citizens. *Bayerische Landesbank v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012).